### S98A0727. LEE v. THE STATE.
(506 SE2d 852)

SEARS, Justice.

The appellant, Luther Germaine Lee, appeals from his conviction for malice murder, aggravated assault, and possession of a firearm during the commission of a felony in connection with the August 2, 1994, shooting death of Cassidy Tankersly.[1] On appeal, Lee con-

---

[1] The crimes occurred on August 2, 1994, and Lee was indicted on June 13, 1995. Lee was convicted on September 20, 1995, of malice murder, of five counts of aggravated assault, and of possession of a firearm during the commission of a felony. The trial court merged one count of aggravated assault into the malice murder count. The court sentenced Lee to life in prison for murder, to four concurrent terms of twenty years in prison for the remaining four counts of aggravated assault, and to a consecutive term of five years in prison for possessing a firearm during the commission of a felony. Lee filed a motion for new trial on October 20, 1995. The court reporter certified the trial transcript on February 19, 1996. The trial court denied Lee's motion for new trial on December 17, 1997, and Lee filed his notice of appeal on

tends only that the evidence is insufficient to support his convictions. We conclude, however, that the evidence satisfies the standard of *Jackson v. Virginia.*[2]

James Coleman testified at trial that on August 2, 1994, he, Tankersly, and an individual named Frails were sitting in Coleman's car listening to the radio. Coleman added that Andre Bowman and a companion drove up in a burgundy Chevrolet automobile. According to Coleman, Frails exited Coleman's car to buy cocaine from Bowman and his companion. Coleman further testified that Frails took cocaine from Bowman's companion, hit Bowman's companion in the nose, and ran. Bowman chased Frails, but failed to catch him. Bowman then returned to the burgundy car in which he and his companion were riding, and drove away. Coleman also testified that, later that same evening, he, Tankersly, and three other people were riding in Coleman's car when Coleman noticed that a burgundy car, like the one Bowman and his companion were driving earlier, began following them. Coleman and several of the occupants of his car testified that three or four shots were fired from the burgundy car into Coleman's car. One shot struck Tankersly in the back of the head and one struck Coleman in the left shoulder. Coleman and the occupants of his car could not see the occupants of the burgundy car or who fired the shots. Tankersly subsequently died from his gunshot wound. Although at trial Coleman stated that he could not identify Bowman's companion at the drug deal, the State presented testimony from a GBI agent that Coleman, without hesitation, had identified Lee from a photo lineup two weeks after the shooting as Bowman's companion.

Bowman testified at trial that he was by himself at the botched drug deal; that Lee was not with him; and that Frails had swung at him. Also, he testified that he had a friend rent a car for Lee, and that the car was a burgundy Chevrolet Corsica. He added that, later the same evening of the drug deal, he saw Coleman's car; that shots were first fired from Coleman's car at his car; and that he then shot at Coleman's car. He added that, although Lee was riding with him, Lee was unaware of the gun until he (Bowman) pulled it and began to fire the shots. In a pre-trial statement to police, however, Bowman stated that Frails robbed Lee of his cocaine; that Bowman drove up behind Coleman's car later that evening; and that Lee began shooting at Coleman's car. During the investigation of the murder, Lee gave a statement to police in which he admitted being present at the drug transaction, but stated that Frails took the drugs from Bow-

---

    [2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

man. He also added that Bowman fired the shots at Coleman's car, and that he (Lee) was unaware of the gun until Bowman pulled it and began shooting. After the shooting, Lee and Bowman left the state.

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to find Lee guilty of the crimes for which he was convicted beyond a reasonable doubt.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*Lucy J. Bell,* for appellant.

*Dennis C. Sanders, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.

---

[3] *Jackson v. Virginia,* 443 U. S. 307, supra.